UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHRISTOPHER O. CAMPBELL,

                          Plaintiff,

          v.

SHERIFF DEPUTY GARDINER,

                          Defendant.

_____

DECISION & ORDER

12-CV-6003P

## PRELIMINARY STATEMENT

          Plaintiff Christopher Campbell ("Campbell") has initiated this action under 42
U.S.C. § 1983 against defendant Shawn Gardiner ("Gardiner"), asserting violations of his First
and Eighth Amendment rights arising out of an incident that occurred while he was incarcerated
at the Steuben County Jail.  (Docket # 1).  Currently before the Court is Gardiner's motion to
dismiss or, in the alternative, for summary judgment.  (Docket # 15).  Also pending before the
Court is Campbell's motion to compel.  (Docket # 11).

          Pursuant to 28 U.S.C. § 636(c), the parties have consented to the disposition of
this case by a magistrate judge.  (Docket # 5).  For the reasons discussed below, Gardiner's
motion to dismiss is granted, and Campbell's motion to compel is denied as moot.

**FACTUAL BACKGROUND**

Campbell alleges the following facts, which are accepted as true for purposes of considering the pending motion to dismiss.  On November 28, 2011, Campbell was incarcerated at the Steuben County Jail.  (Docket # 1).  On that date, Gardiner escorted Campbell and other inmates from the law library.  (*Id.* at 5).  During the escort, Gardiner stated that he had spoken with Campbell's co-defendant who had informed Gardiner that Campbell had "snitch[ed] on him."  (*Id.*).  Campbell alleges that Gardiner's act of labeling him a "snitch" in the presence of the other inmates "put [Campbell's] safety at risk."  (*Id.*).

Campbell contends that Gardiner's act constituted a "failure to protect," which this Court interprets as a claim under the Eighth Amendment.  (*Id.*).  Campbell also asserts that Gardiner's act violated Campbell's "First Amendment Rights."  (*Id.*).  Campbell seeks "monetary damages for fear of [his] life, and [his] family's li[ves], stress and anxiety."  (*Id.* at 6).  In addition, Campbell seeks injunctive relief, namely, an order compelling the "Steuben County staff and its officers to implement training regarding [the] proper way of handling inmates and their personal information."  (*Id.*).

Gardiner seeks dismissal of Campbell's complaint in its entirety under 42 U.S.C. § 1997e(e) on the grounds that he has failed to allege a physical injury.  (Docket # 15-8 at 2-5).  In addition, Gardiner contends that Campbell's allegations are insufficient to state an Eighth Amendment constitutional claim.  (*Id.* at 3-5).  Gardiner further contends that Campbell's First Amendment claim is wholly conclusory and lacks the factual detail necessary to state a constitutional claim for retaliation.  (*Id.* at 5-6).  Finally, Gardiner contends that Campbell's claim for injunctive relief should be denied as moot because Steuben County is not a party to the

action and, in any event, Gardiner has been transferred from the Steuben County Jail.[1]  (*Id.* at 6-7).

   In the alternative, Gardiner contends that he is entitled to summary judgment on all claims.  According to Gardiner, even if the Court determines that the complaint adequately states a claim, Campbell's Eighth Amendment claim must nonetheless be dismissed because no evidence exists that he indeed suffered any injury.  (*Id.* at 8).  In addition, Gardiner contends that he is entitled to summary judgment on the grounds of qualified immunity.  (*Id.* at 9-10).

   Gardiner has not supported his summary judgment motion with affidavits of any individuals with personal knowledge of the material events alleged in Campbell's complaint. Rather, Gardiner has submitted an affidavit from Christopher Lian ("Lian"), the former Superintendent for the Steuben County Jail.  (Docket # 15-6).  The factual assertions in Lian's affidavit relate to the grievance process for Campbell's claim and to Gardiner's training, both prior and subsequent to the incident alleged in the complaint.  (*Id.*).  Campbell has not opposed Gardiner's pending dispositive motion.

## DISCUSSION

### I. Motion to Dismiss the Complaint

   "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the party's claim for relief."  *Zucco v. Auto Zone, Inc.*, 800 F. Supp. 2d 473,

---

[1] Gardiner also argues that the claim should be dismissed because he has submitted evidence establishing that he successfully completed training as a result of this incident.  (Docket # 15-8 at 7).  Such information, which lies outside the four corners of the pleadings, may not be considered in connection with his motion to dismiss, although it may be considered in connection with his summary judgment motion.

475 (W.D.N.Y. 2011).  "To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)).

The plausibility standard applies to claims brought by *pro se* litigants.  *Zucco v. Auto Zone, Inc.*, 800 F. Supp. 2d at 475.  "At the same time, . . . a 'document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* at 476 (quoting *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008)).  "A court must make reasonable allowances so that a *pro se* plaintiff does not forfeit rights due to [his] lack of legal training."  *Forbes v. State Univ. of New York at Stony Brook*, 259 F. Supp. 2d 227, 232 (E.D.N.Y. 2003).  Thus, a court must construe *pro se* pleadings liberally and "interpret them 'to raise the strongest arguments that they suggest.'"  *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).  "Nevertheless, all pleadings, *pro se* or otherwise, must contain enough factual allegations to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  *Zucco*, 800 F. Supp. 2d at 476 (omission in original) (quoting *Boykin v. KeyCorp*, 521 F.3d at 214).

A.    **Claim for Injunctive Relief**

I turn first to that portion of Gardiner's motion that seeks dismissal of Campbell's claim for injunctive relief on the grounds that the claim has been mooted by Campbell's transfer

from the Steuben County Jail. According to the Second Circuit, "[i]t is settled . . . that a transfer from a prison facility moots an action for injunctive relief against the transferring facility." *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996). Accordingly, "an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility." *Kearney v. N.Y.S.D.O.C.S.*, 2012 WL 5931399, *2 (N.D.N.Y. 2012) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006)).

Gardiner contends that Campbell's claim for injunctive relief should be dismissed because Campbell is no longer incarcerated at the Steuben County Jail. (Docket # 15-8 at 6-7). Although Gardiner has not submitted any evidence in support of this assertion, the docket for this action reflects that Campbell is currently incarcerated in the McRae Correctional Institution located in McRae, Georgia. Moreover, Campbell has not opposed the motion and thus has not controverted defendant's assertion that Campbell has been transferred.[2] Accordingly, I conclude that Campbell's claim for injunctive relief should be dismissed as moot.

## B.     Eighth Amendment Claim

Although Campbell's transfer to another facility moots any claim for injunctive relief, his claim for monetary damages is not affected by the transfer. *See Prins v. Coughlin*, 76

---

[2] Courts in this district have recognized that whether an inmate has been transferred is a factual matter that may only be resolved by reference to material outside the four corners of the complaint. *See, e.g.*, *Howard v. City of New York*, 2012 WL 5816976, *6 (S.D.N.Y. 2012) ("[defendant] cannot introduce [evidence of transfer] on a motion to dismiss pursuant to Rule 12(b)(6)"). Some courts have interpreted this issue as jurisdictional, permitting resolution by resort to extrinsic evidence. *See Rosales v. Wright*, 2012 WL 87123, *1 n.1 (W.D.N.Y. 2012) ("[o]n a motion to dismiss under Rule 12(b)(1), a court may consider materials outside the pleadings"). Others have allowed the plaintiff an opportunity to submit controverting evidence. *See Howard v. City of New York*, 2012 WL 5816976 at *6-7 (converting motion to dismiss to motion for summary judgment and allowing plaintiff opportunity to explain why "judgment dismissing their claims for injunctive relief" should not be granted). In this case, Campbell has been provided notice and an opportunity to challenge Gardiner's assertion that Campbell has been transferred. Indeed, in accordance with Rule 56(b) of the Local Rules for the Western District of New York, Gardiner's motion contained a form *Notice to Pro Se Litigants* advising Campbell of the need to oppose the motion with an affidavit. (Docket # 15-9).

F.3d at 506 (transfer does not moot claim seeking compensatory damages).  Accordingly, I turn

next to that portion of Gardiner's motion that seeks dismissal of Campbell's Eighth Amendment

claim on the grounds that Campbell's failure to allege a physical injury mandates dismissal.

(Docket # 15-8 at 2-6).

Under the Eighth Amendment, inmates are protected from punishments that

"involve the unnecessary and wanton infliction of pain," *Hathaway v. Coughlin*, 37 F.3d 63, 66

(2d Cir. 1994), *cert. denied*, 513 U.S. 1154 (1995), which include actions that "transgress today's

'broad and idealistic concepts of dignity, civilized standards, humanity, and decency,'" *Hutto v.*

*Finney*, 437 U.S. 678, 685 (1978) (quoting *Estelle v. Gamble*, 429 U.S. 97, 102 (1976)).  The

Eighth Amendment further requires prison officials to take reasonable measures to guarantee the

safety of inmates in their custody.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

Prison officials may be liable under Section 1983 "for harm incurred by an inmate

if the officials acted with 'deliberate indifference' to the safety of the inmate."  *Hayes v. New*

*York City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir.1996) (quoting *Morales v. New York State*

*Dep't of Corr.*, 842 F.2d 27, 30 (2d Cir. 1988)).  Determining whether a prison official's actions

rise to the level of deliberate indifference requires consideration of a two-part test:

> First, the plaintiff must demonstrate that he is incarcerated under
> conditions posing a substantial risk of serious harm.  Second, the
> plaintiff must demonstrate that the defendant prison officials
> possessed sufficient culpable intent.  The second prong of the
> deliberate indifference test, culpable intent, in turn, involves a
> two-tier inquiry.  Specifically, a prison official has sufficient
> culpable intent if he has knowledge that an inmate faces a
> substantial risk of serious harm and he disregards that risk by
> failing to take reasonable measures to abate the harm.

6

*Hawkins v. Nassau Cnty. Corr. Facility*, 781 F. Supp. 2d 107, 112 (E.D.N.Y. 2011) (quoting

*Hayes v. New York City Dep't of Corr.*, 84 F.3d at 620); *see also Phelps v. Kapnolas*, 308 F.3d

180, 185-86 (2d Cir. 2002).

As to the first prong, a claim for deliberate indifference may lie where a

corrections officer identifies an inmate as being an informant or "snitch" in front of other

inmates. *See Hamilton v. Fischer*, 2013 WL 3784153, *15 (W.D.N.Y. 2013) ("[c]ourts have

recognized that being labeled a snitch in the prison environment can indeed pose a threat to an

inmate's health and safety in violation of the Eighth Amendment") (internal quotations and

citations omitted); *Snyder v. McGinnis*, 2004 WL 1949472, *11 (W.D.N.Y. 2004) ("[d]ecisions

in this Circuit have recognized that an inmate may incur the risk of physical harm at the hands of

other inmates if he is labeled a 'snitch'"); *Allah v. Juchnewioz*, 1999 WL 562100, *3 (S.D.N.Y.

1999) ("[m]any courts have recognized, . . . in the context of Eighth Amendment analysis, the

dangers a prisoner faces from his fellow inmates when labeled a snitch or informant"); *Young v.

Coughlin*, 1998 WL 32518, *7 n.9 (S.D.N.Y. 1998) ("calling a prisoner a 'snitch' in front of

other prisoners with wanton disregard for the inmate's safety may constitute an Eighth

Amendment violation"), *aff'd*, 182 F.3d 902 (2d Cir. 1999); *Watson v. McGinnis*, 964 F. Supp.

127, 132 (S.D.N.Y. 1997) ("a guard's intentionally calling a prisoner a snitch in order to cause

him harm by other inmates states an Eighth Amendment excessive force claim").  To state a

cognizable claim, however, a plaintiff must also allege "facts that, if proven, would establish that

he . . . faced actual or imminent harm" as a result of the identification.  *Hamilton v. Fisher*, 2013

WL 3784153 at *15; *see Dawes v. Walker*, 239 F.3d 489, 494 (2d Cir. 2001) ("[plaintiff's]

complaint is devoid of factual allegations that give rise to an inference that he actually faced a

serious threat" as a result of the conduct of defendants), *overruled on other grounds*,

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002).

        Generally, a cognizable claim under these circumstances requires a factual

allegation that a plaintiff suffered actual physical harm.  *See Bouknight v. Shaw*, 2009 WL

969932, *3 (S.D.N.Y. 2009) (allegations that officer called plaintiff a "rat, snitch and a

homosexual" failed to state a claim; "[v]erbal harassment and name calling, absent physical

injury, are not constitutional violations cognizable under § 1983"); *Abney v. Jopp*, 655

F. Supp. 2d 231, 233-34 (W.D.N.Y. 2009) ("in general prison officials will not be liable for

[referring to an inmate as a 'snitch'] absent a showing that the inmate suffered actual harm as a

result"); *Green v. City of New York Dep't of Corr.*, 2008 WL 2485402, *7 (S.D.N.Y. 2008) ("[i]n

the cases cited by [p]laintiff in which courts found viable Eighth Amendment claims premised on

being labeled a 'snitch,' there were allegations or proffered evidence of actual physical harm");

*Lawrence v. Goord*, 2000 WL 1448672, *3 (E.D.N.Y. 2000) ("[plaintiff] alleges that several

defendants . . . put him at risk of physical harm from other prisoners by openly referring to him

as, *inter alia*, a 'snitch'[,] [but] does not allege that he suffered any injury as a result of this

alleged harassment[;] [t]hus his claims for verbal harassment are dismissed").  At a minimum,

the complaint must allege facts from which it may be inferred that the plaintiff suffered physical

injury or that the threat of such injury was imminent; conclusory assertions are insufficient.  *See*

*Dawes v. Walker*, 239 F.3d at 494 (plaintiff failed to state an Eighth Amendment claim where he

did not allege that he was assaulted, threatened with assault or that there were credible rumors of

an intended assault); *Hamilton*, 2013 WL 3784153 at *15 ("[a]t a minimum, the plaintiff-inmate

must show that the defendant's actions gave rise to an excessive risk to [his] safety") (internal

quotation omitted); *Nji v. Heath*, 2013 WL 6250298, *10 (S.D.N.Y. 2013) (plaintiff failed to state an Eighth Amendment claim based upon defendant's rumor where "[p]laintiff [did] not allege that he was ever actually threatened with harm as a result, or that he or other inmates had been harmed as a result of this rumor"); *Abney v. Jopp*, 655 F. Supp. 2d at 233-34 ("[a]t the very least, a plaintiff must show that the defendant's actions gave rise to an excessive risk to the inmate's safety"); *Gill v. Calescibetta*, 2009 WL 890661, *13 (N.D.N.Y. 2009) (summary judgment dismissing plaintiff's claim granted where plaintiff claimed "in markedly conclusory terms, that his 'life, safety and well-being' were in 'grave danger'" as a result of defendant's conduct that could have led inmates to believe that plaintiff was an informant, but where "the record [was] devoid of any evidence that defendants' actions actually prompted other inmates to harm [plaintiff]").

Campbell's complaint asserts in conclusory fashion that Gardiner's statement "put [his] safety at risk."  Campbell does not assert any facts to support an inference that he faced actual or imminent harm as a result of Gardiner's conduct.  For this reason, I conclude that Campbell has failed to state an Eighth Amendment claim.  *See Dawes*, 239 F.3d at 493-94 ("[a]bsent some factual showing that the comments by the prison officials actually risked inciting other inmates against [plaintiff], we are unwilling simply to assume that prison inmates would be incited, without more, to attack 'one of their own' who was labeled an 'informant' and a 'rat' for complaining to prison supervisors about a prison guard's conduct"); *Hamilton*, 2013 WL 3784153 at *17 (dismissing Eighth Amendment claim premised on allegations that corrections officers called plaintiff a 'snitch' in front of other inmates where plaintiff failed to allege any facts suggesting that he faced actual or imminent harm); *Bouknight v. Shaw*, 2009 WL 969932 at

*4 ("[p]laintiff has not alleged any facts that, if proven, would establish that he ever faced actual or imminent harm[;] [t]he Court is unwilling simply to assume that such a risk existed merely because [defendant] spread rumors about him") (internal quotation omitted).  Accordingly, Campbell's Eighth Amendment claim must be dismissed.

### C.      First Amendment Claim

Courts examine prisoner retaliation claims "with skepticism and particular care" because they are easily fabricated.[3]  *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003); *Smith v. Napoli*, 2007 WL 4180708, *3 (W.D.N.Y. 2007).  To establish a First Amendment retaliation claim, a plaintiff must demonstrate that (1) the conduct at issue was protected; (2) the defendant took adverse action against the plaintiff; and, (3) there was a causal connection between the protected activity and the adverse action.  *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004).

Gardiner seeks dismissal of any First Amendment claim contained in Campbell's complaint on the grounds that any such claim is insufficiently pled.  I agree.  The sole reference to the First Amendment contained in the complaint is an allegation that Gardiner's conduct was "in violation of [Campbell's] First Amendment Rights."  (Docket # 1 at 5).  Even liberally construed, Campbell's complaint contains no facts to state a claim under the First Amendment. Nowhere in the complaint does Campbell allege that he was engaged in protected conduct. Because Campbell has not alleged protected activity, he likewise has not alleged any causal connection between such activity and Gardiner's conduct.  Having concluded that Campbell has not sufficiently pled either protected conduct or a causal connection, I need not resolve whether

---

[3]  Given the paucity of allegations in Campbell's complaint, the basis for Campbell's First Amendment claim is difficult to discern.  The Court assumes that Campbell seeks to assert a First Amendment retaliation claim.

the conduct attributed to Gardiner in the complaint may be considered an "adverse action" in the

absence of any allegations of actual or imminent harm flowing from the conduct. *See Dawes*,

239 F.3d at 493 ("[plaintiff] does nothing more than state in conclusory terms that the references

to him as an 'informant' and a 'rat' . . . opened him up to assault from his fellow inmates, and

that this alone was sufficient to deter a reasonable prisoner in the exercise of his constitutional

rights[;] [w]e disagree"). Accordingly, I conclude that any purported First Amendment claim

asserted in the complaint should be dismissed.

### D.   Physical Injury Requirement of 42 U.S.C. § 1997e(e)

Section 1997e(e) of Title 42 limits a prisoner's ability to recover damages for

mental and emotional injuries. Specifically, it provides:

> No [f]ederal civil action may be brought by a prisoner confined in a
> jail, prison or other correctional facility, for mental or emotional
> injury suffered while in custody without a prior showing of
> physical injury.

42 U.S.C. § 1997e(e). Section 1997e(e) applies to all federal civil actions, including actions

asserting constitutional violations. *See Thompson v. Carter*, 284 F.3d 411, 417 (2d Cir. 2002)

("Section 1997e(e) applies to claims in which a plaintiff alleges constitutional violations so that

the plaintiff cannot recover damages for mental or emotional injury for a constitutional violation

in the absence of a showing of actual physical injury"). Although Section 1997e(e) prohibits a

claim for compensatory damages for emotional injury where there is no physical injury, "it does

not restrict a plaintiff's ability to recover compensatory damages for actual injury, nominal or

punitive damages, or injunctive and declaratory relief." *Id.* at 416; *see also Lee v. DelFavero*,

2005 WL 2387820, *6 (N.D.N.Y. 2005) ("[t]he absence of physical injury does not totally bar

claims by inmates . . . [because] [S]ection 1997e(e) does not preclude claims for nominal damages, punitive damages, or declaratory or injunctive relief").

          In his complaint, Campbell seeks monetary damages for stress and anxiety arising from the fear that he allegedly experienced as a result of Gardiner's disclosure.  (Docket # 1 at 6). I agree with the defendant that, in the absence of an allegation of physical injury, Section 1997e(e) bars his claim for compensatory damages for emotional distress.  *See Howard*, 2012 WL 5816976 at *5 (dismissing claim for monetary damages where complaint sought "damages for emotional distress, humiliation, and embarrassment"); *see Brown v. Napoli*, 687 F. Supp. 2d 295, 297, 299 (W.D.N.Y. 2009) (dismissing claims under Section 1997e(e) where plaintiff only sought "money damages for 'personal humiliation and mental anguish'").  Indeed, courts in this district have dismissed claims under Section 1997e(e) arising from a prison official's conduct of labeling an inmate a "snitch" in the absence of allegations of resulting physical injury.  *See Brown v. Napoli*, 687 F. Supp. 2d at  297, 299 (dismissing complaint alleging that corrections officer "labeled plaintiff a 'snitch' where "[p]laintiff [did] not allege that he ha[d] been subjected to any physical harm as a result of defendants' actions, but [sought] money damages for 'personal humiliation and mental anguish'"); *Snyder v. McGinnis*, 2004 WL 1949472 at *11 ("[p]risoners are not entitled under § 1983 to sue for mental or emotional harm unrelated to physical injury, and therefore, given the facts as alleged, plaintiff's claim against [defendant] premised on [defendant] calling him a snitch and a child molester must be dismissed") (citing 42 U.S.C. § 1997e(e)).

E.      **Leave to Amend**

"Dismissals without leave to amend are generally disfavored, and *pro se* plaintiffs typically should be afforded an opportunity to amend their complaints."  *McCracken v. Brookhaven Sci. Assocs. LLC*, 376 F. App'x 138, 139 (2d Cir. 2010), *cert. denied*, 131 S. Ct. 914 (2011).  Accordingly, courts "should not dismiss without granting leave to amend at least once when a liberal reading of the [*pro se*] complaint gives any indication that a valid claim might be stated."  *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)).

Although Campbell's complaint as currently pled does not adequately state any claims for relief, it is unclear whether Campbell, if given the opportunity, would be able to allege facts to state any constitutional claims.  For this reason, dismissal of the amended complaint is without prejudice to Campbell's repleading the claims, other than his injunctive relief claim.[4]

If Campbell wishes to file an amended complaint, he must do so by no later than **April 15, 2014**.  His amended complaint should encompass all of the claims he wishes to assert and all of the allegations he wishes to include in support of those claims.  Campbell is cautioned that only the allegations contained in that amended complaint will be considered.

---

[4] As discussed above, the claim for injunctive relief is moot as a result of Campbell's transfer from the Steuben County Jail; accordingly, that claim is dismissed *with prejudice*.

**II.      Remaining Motions**

Having granted Gardiner's motion to dismiss the complaint for failure to state a

claim, the Court does not address his alternative motion for summary judgment.[5]  Further,

Campbell's motion to compel is denied as moot in view of this dismissal order.


**CONCLUSION**

For the reasons discussed above, Gardiner's motion to dismiss **(Docket # 15)** is

**GRANTED**.  Campbell is granted leave to file an amended complaint by no later than **April 15,**

**2014**.  Campbell's motion to compel **(Docket # 11)** is **DENIED AS MOOT**.

The Clerk of the Court is directed to close this case subject to reopening if the

plaintiff files an amended complaint on or before April 15, 2014.

**IT IS SO ORDERED**.


_s/Marian W. Payson_
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       March ___7___, 2014

---

[5]  Gardiner is reminded of the need to support factual assertions upon which he requests the Court to rely with affidavits from individuals with personal knowledge or other evidence in the record and to support his Rule 56 Statement of Undisputed Material Facts with citations to admissible evidence.  *See* Fed. R. Civ. P. 56(c) and Rule 56(a)(3) of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York.